**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**WESLEY WILLIAM WERLE,**

    **Plaintiff,**

**v.**                                                       **Case No: 5:15-cv-562-Oc-37PRL**

**UNITED STATES OF AMERICA**

    **Defendants.**

## ORDER

In this action pursuant to the Federal Tort Claims Act, Plaintiff seeks damages for personal injuries sustained during an automobile accident involving a vehicle owned and operated by the United States Postal Service. This case is currently before the Court on two pending matters.

First, Defendant has moved to compel an examination of Plaintiff under Fed. R. Civ. P. 35. Defendant recites that that parties have agreed that Plaintiff would submit to an examination by its retained certified rehabilitation and vocational expert, Robynanne Cash-Howard, on January 24, 2017 at Plaintiff's counsel's office in Tavares, with Plaintiff reserving objection to Ms. Cash-Howard opining outside her stated scope of expertise. As Defendant explains, only after these details were agreed upon, Plaintiff belatedly insisted that Ms. Cash-Howard conduct her examination in the presence of a court reporter. In light of the upcoming scheduled examination, and Plaintiff's failure to raise the issue immediately, Defendant filed an emergency motion (Doc. 22) for a Court order compelling Plaintiff to submit for an examination under Fed. R. Civ. P. 35 by Ms. Cash-Howard outside the presence of a court reporter. The Court previously observed (Doc. 24) that, during the normal course, examinations under Rule 35 are neither recorded nor

attended by third parties.  *See Scheriff v. C.B. Fleet Co., Inc.,* 2008 WL 2434184 *1 (E.D.Wis. June 16, 2008).

In response, Plaintiff acknowledges that, upon review of relevant case law, his counsel's concerns do not rise to the level of special circumstances warranting the presence of a court reporter or other means of recording.  (Doc. 25).  Plaintiff further recites that he withdraws any objection to the exam going forward without a court reporter, and does not oppose the entry of an Order allowing the examination of the Plaintiff by Ms. Cash-Howard.

Accordingly, upon due consideration, Defendants' motion to Compel Rule 35 examination (Doc. 22) is **GRANTED**, and a Rule 35 examination of Plaintiff shall be conducted by Defendant's retained expert, Ms. Cash-Howard, according to the conditions and scope agreed upon by the parties, including that the examination shall be conducted outside the presence of a court reporter, shall last up to approximately four hours, and will take place on Tuesday, January 24, 2017 at 11:00 a.m. at Plaintiff's counsel's office in Tavares, Florida.  If additional concerns arise, the parties are expected to fully discharge their obligations for good faith conference under Local Rule 3.01(g) before seeking relief before the Court.

Second, Plaintiff has filed an unopposed motion (Doc. 23) for extension of time for expert witness disclosure and reports, seeking to extend the deadline for Plaintiff's expert disclosure from January 9, 2017 to January 23, 2017.  Plaintiff recites that the request is unopposed, and that it will not impact any other deadlines (including, presumably Defendant's expert deadline of March 1, 2017).

Accordingly, upon due consideration, Plaintiff's motion (Doc. 23) is **GRANTED**, and Plaintiff's deadline for expert disclosures is extended until January 23, 2017.  All other deadlines set forth in the Court's Case Management and Scheduling Order shall remain undisturbed.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on January 17, 2017.

_____

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties